IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) CIVIL ACTION NO. ) Plaintiff, ) C O M P L A I N T ) ) JURY TRIAL DEMAND ) v. ) ) ) AOD VENTURES, INC. d/b/a ) AUTOS OF DALLAS, ) ) Defendant. ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and color and to provide appropriate relief to Jonathon Sellers. As alleged with greater particularity in paragraphs 11-15 below, the U.S. Equal Employment Opportunity Commission (hereafter "EEOC" or "the Commission") alleges that Defendant, AOD Ventures, Inc. d/b/a Autos of Dallas ("AOD"), discriminated against Jonathon Sellers, by subjecting him to race (African-American) and color (Black) harassment, ultimately leading to his constructive discharge in violation of Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

**COMPLAINT**
Page 1

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas, Sherman Division.

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, AOD, has continuously been doing business in the State of Texas and the City of Plano and has continuously had at least 15 employees.

5. At all relevant times, Defendant, AOD, has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Jonathon Sellers filed a charge with the Commission alleging violations of Title VII by Defendant, AOD.

7. On February 11, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. On April 19, 2021, the Commission issued to Defendant, AOD, a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least December 2019, Defendant AOD has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1).

12. Defendant, AOD, subjected Jonathon Sellers to a hostile work environment based on his race and color, ultimately leading to his constructive discharge. On approximately December 16, 2019, Defendant held a holiday party attended by Sellers and other employees. At that party, Defendant's management called Sellers to the front of the room in the presence of his co-workers and handed Sellers a trophy referring to his race and skin color. The trophy labeled Sellers as the employee "Least likely to be seen in the dark."  Sellers, feeling deeply humiliated, left the party shortly thereafter and threw the offensive trophy out his car window. Other employees in attendance at the party also found the trophy unsettling and offensive.

13. In the days following the party, Sellers attempted to address the offensiveness of the trophy given to him by Defendant. Rather than alleviating the offensive behavior or taking any remedial action, Defendant's General Manager laughed and told Sellers that the trophy was a joke. Sellers' reasonable attempt to address the discriminatory conduct was spurned by Defendant.

14. The presentation of the offensive trophy to Sellers was not an isolated act. Though Sellers wished to forget the incident, upon his return to work, he was harassed with questions and comments about the trophy, along with comments and teasing about his race and skin color. Some workers made after-the-fact badgering, racially offensive utterances to Sellers, treatment that was certainly unwelcome by him. For example, in keeping with the mocking about the racist trophy, one employee remarked to Sellers that he needed to smile to be seen when he was in the dark and unlit back end of the dealership.

15. With the Defendant's dismissal of Sellers' attempt to address the harassment, along with the teasing and the other racist comments following the holiday party, Sellers could no longer tolerate the work environment and he reasonably felt compelled to resign.

16. The effect of the practices complained of in paragraphs 11-15 above has been to deprive Jonathon Sellers of equal employment opportunities and otherwise adversely affect his status as an employee because of his race and skin color.

17. The unlawful employment practices complained of in paragraphs 11-15 above were intentional.

18. The unlawful employment practices complained of in paragraphs 11-15 above were done with malice or with reckless indifference to the federally protected rights of Jonathon Sellers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant AOD, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that permits or condones color

or racial harassment.

  B. Order Defendant AOD to institute and carry out policies, practices, and programs which provide equal employment opportunities for African-Americans and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant AOD to make whole Jonathon Sellers, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement of Jonathon Sellers or front pay in lieu thereof.

  D. Order Defendant, to make whole Jonathon Sellers by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 11-15 above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

  E. Order Defendant to make whole Jonathan Sellers by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs 11-15 above, including, but not limited to, job search expenses, in amounts to be determined at trial.

  F. Order Defendant AOD to pay Jonathon Sellers punitive damages for engaging in discriminatory practices with malice or reckless indifference to Mr. Sellers' federally protected rights, as described in paragraphs 11-15 above, in amounts to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

**COMPLAINT**
Page 5

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

EDWARD JUAREZ
Acting Regional Attorney
Texas Bar No. 24014498

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

/s/ Joel Clark
JOEL CLARK
Senior Trial Attorney
Texas Bar No.  24050425

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
Tel No. (972) 918-3611
Fax No. (214) 253-2749

**ATTORNEYS FOR PLAINTIFF**